UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>MICHAEL HOWELL-HERNANDEZ,<br><br>         Defendant. | Case No.: 13-cr-1898-BEN<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>**[Dkt. No. 54]** |

  Defendant moves for a reduction in his sentence under 18 U.S.C. § 3582(c), arguing that amendment 782 to the Sentencing Guidelines warrants the modification.

  Section 3582(c)(2) establishes a two-step inquiry for sentence reduction proceedings. At the first step, the court decides eligibility for sentence reduction by determining whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th Cir. 2019), *cert. denied,* 140 S. Ct. 879, 205 L. Ed. 2d 491 (2020); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). "The policy statement applicable to § 3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, authorizes a sentence reduction if, but only if, the retroactive amendment has the "'effect of lowering the defendant's applicable Guidelines range.'" *Id.* (citing U.S.S.G. §1B1.10(a)(2)(B)). To apply this policy statement, a court determines whether the Guidelines range is lowered by calculating the amended Guidelines range that would have been applicable to the defendant if the relevant Guidelines had been in effect at the

time the defendant was sentenced. *Id*. But that determination is not the end of the eligibility inquiry. "Another provision of the policy statement . . . generally prohibits sentence reduction if the original term of imprisonment is below the lower end of the amended Guidelines range." *Id.* (citing § 1B1.10(b)(2)(A)).

Defendant does not qualify for a sentence modification under amendment 782. Defendant was convicted a jury of importation of 19.45 kilograms of methamphetamine, in violation of Title 21 U.S.C. §952 and 960. He was sentenced in April 2014 (prior to the amendment to the drug offense Guidelines) to 136-months in prison.

Pursuant to a pre-sentence sentencing agreement and waiver executed with the advice of counsel, Defendant specifically and unequivocally waived any right to seek a reduction under 18 U.S.C. § 3582(c) in exchange for a more lenient sentence recommendation from the government. The agreement states in relevant part,

> Defendant agrees not to seek a modification of his sentence pursuant to 18 U.S.C. §3582(c), in the event that the Federal Guidelines are amended on November 1, 2014 to revise the Drug Quantity Table in USSG § 2Dl.l(c) and are made retroactive. In exchange, the Government will recommend an additional downward variance that is the equivalent of a two-level reduction of the Base Offense Level as determined under USSG § 2D1.1(a) (5) and (c), from the advisory guideline range as calculated by the Government pursuant to this agreement." Dkt. No. 48 (filed Apr. 21, 2014).

Defendant's motion is barred by his waiver.

Moreover, even under the amended Guidelines, Defendant's base offense level would be reduced from 38 to 36 resulting in a Guidelines Range of 188 to 235-months. The imposed sentence of 136-months remains below the low end of that range.

Therefore, Defendant's Motion for Reduction in Sentence is Denied.

IT IS SO ORDERED.

DATED: May 28, 2020

_____
HON. ROGER T. BENITEZ
United States District Court Judge